## RAILROAD v. JOHNSON.

### (*Knoxville.* November 13, 1896.)

1. **HUSBAND AND WIFE.** *Husband has exclusive right to damages recoverable for wife's death.*

   The surviving husband alone, to the exclusion of the wife's next of kin, is entitled to all damages recoverable for a wrongful injury causing her death. (*Post, pp. 668–675.*)

   Code construed: §§ 4025, 4026 (S.); §§ 3130, 3131 (M. & V.); §§ 2291, 2292 (T. & S.).

   Acts construed: Acts 1871, Ch. 78; Acts 1883, Ch. 186.

   Cases cited and approved: Trafford v. Adams Express Co., 8 Lea, 96; Loague v. Railroad, 91 Tenn., 458.

   Cited and disapproved: Bream v. Brown, 5 Cold., 168.

2. **SAME.** *Husband must administer on wife's estate to sue for her death.*

   The surviving husband cannot maintain suit, without administering upon the wife's estate, for a wrongful injury causing her death. (*Post, p. 674.*)

3. **MEASURE OF DAMAGES.** *Erroneous charge as to, in suit for wife's death.*

   In an action for the wrongful killing of a wife and mother, it is error for the Court to instruct the jury to ascertain not only the damages resulting to the husband, who is alone entitled to the recovery, but also the damages resulting to her infant child, who is entitled to no part of the recovery. (*Post, pp. 668–674.*)

---

#### FROM HAMILTON.

---

Appeal. in . error from Circuit Court of Hamilton County. JOHN A. MOON, J.

E. WATKINS and T. C. LATIMORE for Railroad.

C. MARCHBANKS, W. T. MURRAY, and DANIELS & GARVIN for Johnson.

BEARD, J. This suit was instituted by the administrator of Mrs. Johnson to recover damages for the alleged wrongful killing ·of his intestate by the plaintiff in error. Her surviving husband qualified as administrator, and this action was brought for his own benefit and that of a minor child of the deceased. There was a verdict and judgment for the defendant in error, from which an appeal has been prayed to this Court.

While a number of questions have been made in argument, the only one which will be disposed of in this written opinion is that made upon that part of the charge of the trial Judge which imposed the duty upon the jury of ascertaining the damages sustained by the minor child in the loss of the deceased in the event they found that her death was the result of a wrongful injury received at the hands of the railway company. We think plaintiff in error is right in insisting that the charge, in this respect, was erroneous.

In *Bream* v. *Brown,* 5 Cold., 168, it was determined that a married woman was within the Act of 1850 (carried into the Code (M. & V.), §§ 3130, 3131), and while there the suit was brought by the surviving husband, as administrator of his deceased wife, for the benefit of himself and the minor chil-

dren of the deceased, yet the only. point there argued and decided was that an action could be maintained for the wrongful killing of a deceased wife.

In *Trafford* v. *Adams Express Co.*, 8 Lea, 96, this Court, for the first time, was distinctly called upon to determine who was entitled to the recovery in such an action, where the deceased wife left surviving a husband and next of kin. The question there presented was one of difficulty, owing to the peculiar phraseology of our statutes. The novelty, as well as the difficulty, of the question, invited the careful consideration which it received at the hands of the Court, the result of which was an elaborate opinion, announcing, as a conclusion, "that the surviving husband was, *jure mariti* and to the exclusion of the next of kin, entitled to the damages" recoverable in such a case. While differing somewhat as to the reasoning of the opinion, all of the members of the Court concurred in the holding "that the recovery for a personal injury to the wife which results in death, will inure to the benefit of the husband, under the statutory provisions discussed, and that there can be but one recovery in such case," and that he is entitled to this recovery under the common law rule of *jure mariti*.

It is true, as is argued at the bar, that in that cause there were no children seeking the benefit of a recovery under these Code sections, yet there were next of kin of the deceased wife, who were entitled to the same rights thereunder that children, if any,

would have had, so that the rule of survivorship *jure mariti*, which excluded the one, necessarily excluded the other class.

*Trafford* v. *Adams Express Co.* was decided in 1881. In addition to determining this point, that case also settled that the recovery authorized under the statutes then in existence extended only to such injury as the deceased might have recovered for if he or she had survived the injury in question. This decision, thus coming after great fluctuation of judicial opinion as to what were the true elements of damage in such a case, led, no doubt, to the passage of the Act of 1883, Ch. 186, Code (M. & V.), § 3134, which provided that when the death is caused by the fault of another, that the party suing, if entitled to damages, shall have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives,'' etc.

It is evident that the purpose of this Act was not to create a mere class of beneficiaries, but to extend the scope of recovery by allowing not only damages which the deceased might have recovered for his or her own benefit, but also such as resulted from the death to the parties ''for whose use and benefit the right of action survived.'' *Loague* v. *Railroad*, 7 Pick., 458. With this single modification, it left the law · of this State, so far as the

rights of the surviving husband in such case are concerned, as was announced in *Trafford* v. *Adams Express Co.*, *supra*.    Nor has the conclusion reached by the Court in that case been seriously called in question since, so far as we are aware, until it was challenged in the present case; on the contrary, our impression is that it has been generally accepted by the profession as a definite settlement of a question that, if not much mooted, at least was open to serious doubt in this State until that time.    The rule of *stare decisis*, after this long and general acquiescence in that decision, would, even if doubtful ourselves of its wisdom, induce us to hesitate seriously before reversing it.    But we think an examination of the statute, in the light of the common law as it stood at the time of its passage, abundantly vindicates the holding of the Court in that case.

At common law there were two actions which might be maintained for damages resulting from a tortious injury to the wife.    One of these could have been prosecuted by the husband, in his own name and for his exclusive benefit, and that was for the loss of her society or of her services, or both, as well as for the necessary expenses incurred by him in consequence of the injury inflicted upon her. The other one of these actions was for the injury which the wife sustained, and this was brought in the name of the husband and wife.    While the recovery would be in their joint names, yet the husband might, as in the case of any other chose in

action, make it his own exclusively by collecting and appropriating the recovery.

Now, it is this latter right of action which is recognized, but is not created, by the statutes of this State. This action, at common law, would have died with the wife, and it has been the purpose of our Legislature to prevent its abatement. The first statutory provision looking to this end is found in an Act passed February ·1, 1850, which is in these words: ''In all and every case where any person shall come to his death by injuries received from another, whether the same were inflicted feloniously or not, for which injuries, in case death had not resulted, an action of damages would lie at law, the personal representative of the person thus killed shall have the right to institute a suit for the damages,'' etc. This Act was carried into the Code of 1858 at §§ 2291, 2292. Section 2291 of that Code provided as follows: ''The right of action which a person who dies of injuries received from another, or whose death is caused from the negligent acts or omissions of another, would have laid against the wrongdoer, in case death had not ensued, shall not abate, nor be extinguished, by his death, but shall pass to his personal representatives for the benefit of his widow and next of kin, free from the claims of creditors.'' This section, as modified by Chapter 78 of the Acts of 1871, is § 3130 of the M. & V. Code.

This legislation, as has been observed, did not

affect to create a right of action, but recognized one as already existing, and provided that this right of action should not die with the party who was the owner of it.    Its purpose was to prevent the abatement which death of the injured party worked at common law.    Notwithstanding the peculiar phraseology of § 2291 of the old Code, which restricted the benefit of the recovery in such a case to the "widow and his next of kin," suggesting the ingenious argument that this necessarily excluded from the operations of the statute the case of a married woman dying from a tortious injury, yet this Court held, in *Bream* v. *Brown, supra,* that such a case was within the intent of the statute.    This holding was based largely, and properly so, upon the use of the comprehensive word "person" ("the right of action which a person who dies," etc.), in the Code, and it was held that this word was sufficient to overcome the apparently restrictive terms already adverted to.

Now, following the lead of that case and altogether in harmony with its reasoning, we think it may be said, it being admitted that a wife is one of the "persons" provided for by that Act, it may be safely assumed, in the absence of an express statutory provision disposing of the proceeds of the recovery for the injury resulting in her death, that they will go exactly as they would have gone at common law, but for its rule of abatement, and that is to the husband *jure mariti.*    It is true the

13 p—43

right to bring this action after death depends entirely upon the statute, and it must be prosecuted exactly as that directs. *Loague* v. *Railroad, supra.* It is also true that the proceeds of the recovery in such an action must go according as the statute provides, where it does make such provision. But we have a case where the action is authorized by the Code, and yet where it fails to point out the beneficiary of the recovery. It is a statutory *casus omissus*, and in such a case we know of no other place to turn, with the view of ascertaining this beneficiary, save to the common law. And we think this a sound basis for the conclusion announced in the Trafford case.

It follows from what has been said that the trial Judge was in error in instructing the jury to take into consideration the child's relationship to the deceased, and by necessary implication telling them to consider its interest in its mother's life; and, as it is impossible for us to say how much of this verdict was intended by the jury for compensation to the child, the case must be reversed and remanded.

To meet another objection of plaintiff in error to the form of this action, it may be said that the surviving husband, as such, could not have maintained this suit, but that it was essential that he administer. Nor is there anything anomalous in this, as at common law, where a wife died leaving a husband surviving, before he had reduced to possession a chose in action which belonged to her, "it does

Railroad v. Johnson.

not strictly survive to him, but he is entitled to recover the same to his own use by acting as her administrator." 2 Kent, *135.

DISSENTING OPINION.

WILKES, J. I cannot concur in the majority opinion. I think the suit is properly brought in the name of the administrator of the deceased wife, but I cannot agree that the husband is entitled to the proceeds, either *jure mariti* or under the statute. Not *jure mariti*, because, without the aid of the statute, the husband has no right of recovery in case of the wife's death, whatever may be his rights for an injury to her not resulting in death; and not under the statute, because the statute does not so provide. I do not controvert the holding in *Bream* v. *Brown*, 5 Cold., 169, in which it was held that the wife is a "person" within the meaning of the statutes providing that actions shall not abate by the death of the "person" who dies from injuries received, and I am of opinion a right of action in case of her death does exist.

In that case the suit was brought in the name of her husband, as administrator, for the benefit of himself and the minor children of his deceased wife, and it was held that the action was properly brought by the administrator, but the Court did not pass upon the question as to who the proceeds should

go to. It did not, however, hold that it was improper to include the children as beneficiaries of the recovery.

In *Trafford* v. *Adams Express Co.*, it is said the question of who is entitled to the proceeds of such recovery was settled. In regard to this case, it is but true to say that it does not seem to me to rest on any satisfactory basis. The reasoning is all in one direction, while the decision is in another and different direction. In that case there were no children. The suit was brought in the name of the husband as administrator. The contest over the proceeds was between the husband and the nephews and nieces of the wife as her next of kin. The decision was also prior to the Act of 1883, which gives damages not only for mental and physical suffering, loss of time and necessary expenses resulting to the deceased, but also damages resulting to the parties for whose use and benefit the right of action survived from the death consequent upon the injury received.

Coming to the consideration of the statute, it is clear that the right to bring the action at all depends on the statute, and beyond the statute no such right exists. *Loague* v. *Railroad*, 7 Pick., 458. It is also clear that, the right being given by the statute and the remedy provided in the same Act, the right can be pursued in no other way. *Flatly* v. *Railroad*, 9 Heis., 230; *Loague* v. *Railroad*, 7 Pick., 461; *Railway* v. *Lillie*, 6 Pick., 565.

The Act, Code § 3130 (M. & V.), prescribes that the right of action shall pass to the widow, and in case there is no widow, to the children, or to the personal representatives for the benefit of the widow or next of kin; and § 3133 provides that the damages shall go to the widow, or next of kin, free from the claims of creditors, to be distributed as personal property.

In order to escape what appears to be, and no doubt was, an omission on the part of the Legislature to provide for the case when the wife dies, this Court has been disposed to hold that the word "widow" means also "widower," and that both are intended to be provided for. It is probable this ought to be the law, but I think it cannot be based upon the words used in the Act. If it could, and the "widower" would have the same rights as the "widow" under the statute, then he must take it subject to the same limitations. If the widow takes, she takes for herself and his children. If the widower takes, he should take for himself and her children. But I think the Legislature has simply failed to make provision, when the wife is killed, for any recovery for the husband, and that the recovery in such case goes to the wife's children and not to the husband, and certainly this would be so as to the damages recoverable from the death of the wife, as contradistinguished from those accruing to the husband and wife jointly, if she had not died.

While I think the husband may sue as adminis-

Railroad *v.* Johnson.

trator, he cannot take the recovery *jure mariti*, nor as next of kin, nor as widow, nor as widower, and it should go to the children. I cannot see that, under the statute, the husband's right of action is saved, but, if it is, it is not the right of action for the death of his wife, for that never existed at common law, and could not, therefore, survive, and, in any event, the recovery should go to her children when she has children. *Railroad* v. *Pitt*, 7 Pick., 93; *Lillie* v. *Railroad*, 6 Pick., 563.